UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:10-CV-87

**UNITED FINANCIAL CASUALTY COMPANY**            **PLAINTIFF**

v.

**BRIDGETT DODSON, JOHN BROWN,
JERRY T. GIBSON and
AMERICAN SURVEY GROUP, INC.**            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Bridgett Dodson's Motion to Dismiss (Docket #12). Defendants John Brown, Jerry T. Gibson, and American Survey Group, Inc. ("American Survey") have joined in the motion (Docket #13). Plaintiff United Financial Casualty Company ("United Financial") has responded (Docket #14). Defendant Dodson has replied (Docket #15). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

**BACKGROUND**

This declaratory judgment action stems from a vehicle collision between Defendant Bridgett Dodson and Defendant Jerry Gibson that occurred on January 15, 2010. On January 29, 2010, Dodson filed a complaint in Barren Circuit Court against Gibson and his employer, American Survey. Plaintiff United Financial is the insurer of Gibson and American Survey. United Financial is not a party to the state court action.

United Financial filed the present case on May 18, 2010. United Financial seeks a declaratory judgment that it owes no insurance coverage to Gibson or American Survey for the events that occurred on January 15, 2010. United Financial argues that the tractor and trailer involved in the accident were not listed vehicles on the automobile insurance policy, and

therefore, not insured on that date. Dodson has now moved to dismiss the present case, arguing that the Court should decline to exercise jurisdiction. Brown, Gibson, and American Survey have joined in her motion.

**STANDARD**

The Declaratory Judgment Act ("Act") states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . . Any such declaration shall have the force and effect of a final judgment . . . and shall be reviewable as such." 28 U.S.C. §2201(a). The Act is an enabling act, which extends the jurisdiction of the Court beyond the jurisdictional basis initially required. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). While this Act authorizes district courts to exercise jurisdiction, it does not mandate or impose a duty to do so. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 276 (6th Cir. 1990), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Act confers on the "federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. A district court may not decline jurisdiction, however, as a matter of whim or personal disinclination. *Mercier,* 913 F.2d at 277.

In determining whether the exercise of jurisdiction is proper, the Court must consider five factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5)

whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984). In the determination of factor number four, three additional factors are considered:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

## DISCUSSION

### I. Settlement of the Controversy

In order to determine whether the Court should decline to exercise jurisdiction, the Court must look at the five factors set out above. Recently, the Sixth Circuit issued an opinion in *Scottsdale Ins. Co. v. Flowers*, "to clarify our precedent regarding the discretionary exercise of the jurisdiction granted by the Declaratory Judgment Act." 513 F.3d 546, 554 (6th Cir. 2008). While this opinion did not overrule prior opinions on this topic, it has become the standard in this Circuit and has expressly set forth the tests to be used by district courts making this determination.

First, the Court must determine whether the declaratory action would settle the controversy. As explained by the Sixth Circuit in *Flowers*, there are two lines of precedent regarding the first factor. 513 F.3d at 555. "One set of cases has concluded that a declaratory relief action can settle the insurance coverage controversy not being addressed in state court, even though it will not help resolve the underlying state court action." *Id.* However, another set of cases "has found that, while such declaratory actions might clarify the legal relationship

between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.* The Sixth Circuit examined these cases and explained that the differences between the two lines of precedent were the different factual scenarios presented. *Id.* In *Bituminous*, the Court was faced with an action in which determination of the insurance coverage issue rested on a fact-based question of state law which was already being considered in two other state court proceedings. *Id.* at 555-56 (citing *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813-14 (6th Cir. 2004)). In *Northland*, however, the insurer was not a party to the state court action so that "neither the scope of the insurance coverage nor the obligation to defend was before the state court." *Id.* at 556 (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). In *Flowers*, the Court concluded that the issue addressed was not before the state court as in *Northland* and there was not a disputed issue of fact that was being addressed by the state court as in *Bituminous*. *Id.* For these reasons, the Court held that the district court's declaratory judgment did settle the controversy between the parties. *Id.*

Defendants argue that the Court should apply the reasoning set out in *Grange Mutual Casualty Co. v. Safeco Insurance Co. of America*, 565 F. Supp. 2d 779 (E.D. Ky. 2008). In that case, which is factually similar to the present case, the court held that the federal action would not settle the controversy. *Id.* at 788. The court interpreted Sixth Circuit precedent to mean that the ultimate controversy must be settled, not just the coverage issue. *Id.* The court essentially found that, under the first factor, the court should always look to whether the ultimate controversy was settled. *Id.* This Court disagrees with such an interpretation, and is not bound by the decision in *Grange Mutual*. In *Flowers,* the Sixth Circuit clearly held that whether the

4

first factor is based on the ultimate controversy or the coverage controversy depends on "different factual scenarios." 513 F.3d at 555. The Court believes that this case is similar to the factual scenarios presented by *Flowers* and *Northland*, and settlement of the insurance coverage controversy is all that is necessary to find this factor weighing in favor of exercising jurisdiction in this case.

Like *Flowers* and *Northland*, there is no disputed issue of fact being addressed by the state court that will affect these proceedings, so this is essentially a legal dispute. The Court will not be required "to inquire into matters being developed through state court discovery." *Flowers*, 513 F.3d at 556. The issue of coverage is not before the state court, nor is Plaintiff a party before the state court. All parties to the state court action are parties to this action, and will be bound by this Court's decision. In sum, the declaratory action will settle the insurance coverage controversy,[1] and this factor weighs in favor of exercising jurisdiction.

## II. Clarification of the Legal Relations at Issue

The second factor the Court must determine is whether the declaratory judgment will clarify the legal relations at issue. This second factor "is closely related to the first factor and is often considered in connection with it . . . . Indeed, it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 557. The Sixth Circuit explained that similarly to the split that had developed in the first factor, there was a split in precedent concerning the second factor. *Id.* Some cases held that a district court's judgment need only clarify the legal relations presented in

---

[1] In *Grange Mutual*, which is factually similar to this case, although the court applied a different standard, the court did acknowledge that it could reach a final resolution and settle the insurance controversy. 565 F. Supp. 2d at 788-89.

5

the declaratory judgment action, while others held that the judgment must also clarify the legal relations in the underlying state action. *Id.* In *Flowers*, the Sixth Circuit adopted the precedent holding that the judgment of the district court need only clarify the legal relations presented in the declaratory judgment action. *Id.* ("[W]e focus only on whether a federal declaratory judgment will clarify the legal relationships presented to the district court"). Specifically, the district court must consider whether the district court's judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Id.*

Both parties acknowledge that this factor weighs in favor of exercising jurisdiction. In this case, just as the declaratory judgment of the Court will settle the coverage controversy, it will also clarify the legal relationship between the parties to this action. This matter will resolve, once and finally, the issue of coverage. In addition, the Court's decision will not affect the state court's determination of Brown, Gibson, and American Survey's liability or the amount of damages to which Dodson may be entitled.

## III. Race for Res Judicata

The third factor for the district court to consider is "whether the declaratory judgment action is motivated by 'procedural fencing' or likely to create a race for *res judicata*." *Flowers*, 513 F.3d at 558. As the Sixth Circuit explained, this factor is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id.* The Court is "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.* (citing *Travelers Indem. Co. v. Bowling Green Prof'l Associates, PLC*, 495 F.3d 266, 272 (6th Cir. 2007)). In *Bituminous*, the Court found that where

6

the state court action was filed two years prior to the declaratory judgment, the Court will give the plaintiff "the benefit of the doubt that no improper motive fueled the filing of this action." 373 F.3d at 814. "A district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress.'" *Flowers*, 513 F.3d at 558 (citing *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)).

Defendant has not presented any evidence to support this factor, other than arguing that "United Financial is 'racing' to get a declaration of rights in this case to avoid participation in the pending state court action litigation." This argument is insufficient. Plaintiff has the option to choose between federal or state court jurisdiction. There is no evidence of any improper motive. "Absent some indication of an improper motive in the record, this third factor does not point toward denying jurisdiction." *Flowers*, 513 F.3d at 559.

### IV. Increased Friction between Federal and State Courts

The fourth factor considered by the district court is "whether accepting jurisdiction would increase friction between federal and state courts." *Id.* at 559. "[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). In fact, the Court must look at three other factors in analyzing this factor.

#### A. *Resolution of the Factual Issues*

First, the Court must determine whether the state court's resolution of the factual issues is necessary to the district court's resolution of the declaratory judgment. *Flowers*, 513 F.3d at 560. Exercise of jurisdiction is inappropriate if "resolution of the issue raised in federal court

will require making factual findings that might conflict with similar findings made by the state court." *Id.* (citing *Travelers*, 495 F.3d at 272).

Both parties acknowledge that this factor weighs in favor of exercising jurisdiction, and the Court agrees. There is no evidence before the Court that the identity of the tractor and trailer involved in the accident is being challenged in the state court action. In this case, the Court must interpret the insurance policy to determine whether it covers the 1984 Volvo tractor and the 1974 Fruehauf trailer. "The interpretation of an insurance contract is a matter of law." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 507 (6th Cir. 2003) (citing *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. Ct. App. 2000)). Because the identity of the vehicles involved is not in question, resolution of the legal issues in this action is possible without resolution of any factual issues at the state court level.

B. *Court in a Better Position to Resolve the Issues in the Declaratory Judgment*

The next sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560. Generally, state courts are in a better position to decide novel questions of state law. *Id.* It is not required, however, that every time there is an undetermined question of law the federal court must decline jurisdiction. *Id.* If the issues in the district court action are not before the state court and state law is clear, this sub-factor is given less weight. *Id.* "In particular, when an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court . . . a decision by the district court on these issues would not offend principles of comity.'" *Id.* (quoting *Northland*, 327 F.3d at 454).

No novel issues of Kentucky law are presented in this declaratory action. In addition,

Plaintiff currently is not a party to the state court action, the scope of insurance coverage is not directly at issue before the state court, and the findings of the state court will not play a role in determining that scope. The principles of comity will not be offended. Accordingly, the Court finds that this factor weighs slightly in favor of exercising jurisdiction.

      *C.*      *Close Nexus between Underlying Facts and Legal Issues and State Law*

The final sub-factor requires the Court to determine whether the issue in the federal action implicates important state policies and therefore would be more appropriate for the state court to address. In *Bituminous*, the Sixth Circuit stated that "insurance contract interpretation [is a] question[ ] of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." 373 F.3d at 815. Additionally, the Court explained the public policy reason: "'states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" *Id.* (citing *Mercier*, 913 F.2d at 279). The Court went on to say, "[h]owever, not all issues of insurance contract interpretation implicate such fundamental state polices that federal courts are unfit to consider them." *Flowers*, 513 F.3d at 561. In *Northland*, the Court reasoned that because Northland Insurance was not a party to the state court action and the issues before the federal court were not before the state court, the principles of comity would not be offended. 327 F.3d at 454. On the other hand, in *Flowers*, the Court held that "despite the clear indications from the Kentucky courts regarding how such an issue should be resolved, Kentucky courts are in a better position to resolve the insurance policy interpretation in this case." 513 F.3d at 561.

This case does not involve issues of public policy. Still, Kentucky courts are in a better

9

position to resolve insurance policy interpretations, even in the face of clearly established law on the issue. Therefore, this sub-factor weighs slightly against exercising jurisdiction. Balancing all three sub-factors, the Court finds that the fourth factor weighs slightly in favor of exercising jurisdiction.

## V. Availability of Alternative Remedy

The final factor the district court must consider is whether there is an alternative remedy available to the plaintiff. The Sixth Circuit stated "[a] district court should 'deny declaratory relief if an alternative remedy is better or more effective." *Flowers*, 513 F.3d at 562. First, a federal declaratory plaintiff may seek a declaratory judgment in state court. KY. REV. STAT. ANN. § 418.040. Another possible remedy is an action for indemnity at the conclusion of the underlying action. The Sixth Circuit states again that there is a split in precedent "whether the possibility of seeking a declaratory judgment or indemnity action in state court counsels against the district court exercising jurisdiction." *Flowers*, F.3d at 562. The Court holds that "rather than applying a general rule, our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Id.*

The Court finds that although alternatives are available to Plaintiff in this case, they are not necessarily "better or more effective." *Id.* Although the state court will be considering the underlying issues in this case, the identity of the vehicles involved in the accident is not one of those issues. Given Plaintiff has the option to file in federal or state court, and there is no evidence that a federal action is inferior, this factor weighs in favor of exercising jurisdiction.

## VI. Balancing of the Factors

The Sixth Circuit has not yet indicated how these factors are to be balanced. *Flowers*,

10

513 F.3d at 563. "[D]istrict courts must rely on the 'unique and substantial' discretion granted to them by the Declaratory Judgment Act." *Grange Mutual*, 565 F. Supp. 2d at 791 (quoting *Flowers*, 513 F.3d at 563). In this case, nearly all of the factors weigh in favor of this Court exercising jurisdiction. Therefore, this Court will exercise jurisdiction and this matter will not be dismissed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.