# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:10-CV-87

**UNITED FINANCIAL CASUALTY COMPANY**  PLAINTIFF

v.

**BRIDGETT DODSON, JOHN BROWN,
JERRY T. GIBSON and
AMERICAN SURVEY GROUP, INC.**  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff United Financial Casualty Company's ("United Financial") Motion for Summary Judgment (Docket #21) and Defendant Bridgett Dodson's Cross-Motion for Summary Judgment (Docket #24). United Financial has responded and replied (Docket #26). Dodson has responded and replied (Docket #23, 27). Defendants John Brown, Jerry T. Gibson, and American Survey Group, Inc., ("American Survey") have responded (Docket #22, 25). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is GRANTED and Defendant's motion is DENIED.

## BACKGROUND

This declaratory judgment action stems from a vehicle collision between Defendant Bridgett Dodson and Defendant Jerry Gibson that occurred on January 15, 2010. On January 29, 2010, Dodson filed a complaint in Barren Circuit Court against Gibson and his employer, American Survey. Plaintiff United Financial is the insurer of Gibson and American Survey. United Financial is not a party to the state court action.

United Financial filed the present case on May 18, 2010. United Financial seeks a declaratory judgment that it owes no insurance coverage to Gibson or American Survey for the events that occurred on January 15, 2010. United Financial argues that the tractor and trailer

involved in the accident were not listed vehicles on the automobile insurance policy, and therefore, not insured on that date.

United Financial filed a motion for summary judgment on February 1, 2011. Dodson filed a response and cross-motion for summary judgment on February 23, 2011. The Court now considers these motions.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

On August 3, 2009, United Financial issued Commercial Auto Policy No. 0429055-0 (the "Policy") to American Survey. The Policy was effective from August 3, 2009 to August 3, 2010. The Policy Declarations Page lists "1995 Frht Fld" with VIN 1FUPCXYBXSH581749 and "1930 NON Owned Trailer" with VIN 11111111111111111 as covered under the Policy. Declarations Page, DN 21-1, p. 2. John Brown and Jerry Gibson are listed as drivers. John Brown owns American Survey.

On the day of the accident involving Bridgett Dodson, Gibson was driving a white Volvo Tractor with VIN 1WXGDECG6EN059004 ("Volvo Tractor"), owned by American Survey since October 6, 2009. The Volvo Tractor was pulling a 1979 Fruehauf Trailer ("Fruehauf Trailer"). At approximately 6:11 a.m., Gibson drove the Volvo Tractor pulling the Fruehauf Trailer out of a lumber yard and onto Burkesville Road in Barren County, Kentucky. Dodson hit the Fruehauf Trailer. In her state court action, Dodson contends the accident was caused by Gibson's negligent operation of the tractor-trailer. At approximately 10:28 a.m. that same day, American Survey requested the Volvo Tractor be added to the Policy. The change request became effective at approximately 12:02 p.m.

The parties have identified the following Policy provisions as relevant to the Court's determination in this case:

**PART I - LIABILITY TO OTHERS**

**INSURING AGREEMENT - LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage, **we** will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for **bodily injury, property damage,** and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an

**accident** arising out of the ownership, maintenance or use of an **insured auto**.

DN 21-5, p. 7; Policy p. 10 (emphasis in original). An "insured auto" is defined by the Policy as:

    a.    Any **auto** specifically described on the **Declarations Page**, unless **you** have asked **us** to delete that **auto** from the policy.

    b.    Any additional **auto** on the date **you** become the owner if:

        (i)    **you** acquire the **auto** during the policy period shown on the **Declarations Page**;

        (ii)    **we** insure all **autos** owned by **you** that are used in **your** business; and

        (iii)    no other insurance policy provides coverage for that **auto**.

DN 21-5, p. 4; Policy p. 4 (emphasis in original). An "auto" is "a land motor vehicle or **trailer** designed for travel on public roads . . . ." DN 21-5, p. 4; Policy p. 3 (emphasis in original). Under the Policy, the term "trailer" "includes a semi-trailer and any piece of equipment used to convert a semi-trailer to a full trailer while it is attached to the semi-trailer." DN 21-5, p. 7; Policy p. 9. In regards to other insurance, the Policy states as follows:

    3.    **Other Insurance**

        a.    For any **insured auto** that is specifically described on the **Declarations Page**, this policy provides primary coverage. For an **insured auto** which is not specifically described on the **Declarations Page**, coverage under this policy will be in excess over any and all other valid and collectible insurance, whether primary, excess or contingent. However, if the **insured auto** which is specifically described on the **Declarations Page** is a **trailer**, this policy will be primary only if the **trailer** is attached to an **insured auto** that is a power unit **you** own and is specifically described on the **Declarations Page**, and excess in all other circumstances.

DN 21-6, p. 5; Policy p. 31 (emphasis in original).

4

"A federal court sitting in diversity must apply the substantive law, including choice of law rules, of the state in which it sits." *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994). Here, the forum state is Kentucky. Under Kentucky law, a contract is interpreted according to the law of the state which has the most significant relationship to the transaction and the parties. *Lewis v. American Family Ins. Group*, 555 S.W.2d 579, 581-82 (Ky. 1977). Here, neither party contests that Kentucky law should apply.

The Kentucky Supreme Court has set forth two principles of insurance contract interpretation: "(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and, (2) exceptions and exclusions should be strictly construed to make insurance effective." *Kentucky Farm Bureau Mut. Ins. Co. v. McKinney*, 831 S.W.2d 164, 166 (Ky.1992) (quotation marks and citations omitted). Kentucky courts have also held that this rule of liberal construction does not mean every doubt must be resolved against the insurer; "the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract." *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 226 (Ky. 1994); *see also Stone v. Kentucky Farm Bureau Mutual Ins. Co.*, 34 S.W.3d 809, 811 (Ky. Ct. App. 2000) ("the terms should be interpreted in light of the usage and understanding of the average person"). Finally, in construing an insurance policy, the policy should be read as a whole. *Sun Life Ins. Co. v. Taylor*, 56 S.W. 668 (Ky. 1900).

The parties agree that the Volvo Tractor is not covered by the Policy. They dispute, however, whether the Fruehauf Trailer is covered. Dodson argues that the Fruehauf Trailer is covered because the contract language is ambiguous and the provisions of the policy should be

read to expand the definition of "insured auto" to include those autos generally described on the Declarations Page. Because the trailer on the Declarations page is described only generally, Dodson asserts, this would include coverage for the Fruehauf Trailer.

Dodson argues that the "Other Insurance" provision is incompatible with the definition of "insured auto." The "Other Insurance" provision refers to insured autos specifically described on the Declarations Page and insured autos not specifically described on the Declarations Page. Dodson believes this is incompatible with the definition of "insured auto" which is defined as an auto specifically described on the Declarations Page.

"The construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky. Ct. App. 2000) (citing *Hibbitts v. Cumberland Valley National Bank & Trust Company*, 977 S.W.2d 252, 254 (Ky. Ct. App.) (1998)). The primary objective of contract interpretation by the Court is to effectuate the intentions of the parties. *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citing *Cantrell Supply, Inc. v. Liberty Mutual Insurance Co.*, 94 S.W.3d 381, 384 (Ky.App.2002)). "When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *Id.* (citing *Hoheimer v. Hoheimer*, 30 S.W.3d 176, 178 (Ky.2000)); *see also Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699 (Ky. 2006). "Where a contract is ambiguous or silent on a vital matter, a court may consider parol and extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the conduct of the parties." *Cantrell*, 94 S.W.3d at 385. An ambiguous

document is "one capable of more than one different, reasonable interpretation." *Central Bank & Trust Co. v. Kincaid*, 617 S.W.2d 32, 33 (Ky. 1981); *see also Cantrell*, 94 S.W.3d at 385. "Under the reasonable expectations doctrine, when such an ambiguity exists, the ambiguous terms should be interpreted 'in favor of the insured's reasonable expectations.'" *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003) (quoting BLACK'S LAW DICTIONARY 1273 (7th ed.1999). "Only actual ambiguities, not fanciful ones, will trigger application of the doctrine." *Id.*

The Court finds that the contract provisions are unambiguous. The "Other Insurance" provision references insured autos specifically and not specifically described on the Declarations Page. Coverage is provided for those not specifically identified as excess "over any and all other valid and collectible insurance." DN 21-6, p. 5; Policy, p. 31. The definition of "insured auto" is limited to those autos specifically described on the Declarations Page *or* additional autos acquired during the policy period for which there is no other auto insurance coverage. Thus, the definition of "insured auto" encompasses autos which are not specifically described on the Declarations Page. Therefore, the "Other Insurance" and "insured auto" provisions do not conflict and are unambiguous.

Dodson also raises questions regarding the trailer's description on the Declarations Page. The Declarations Page merely lists "1930 NON Owned Trailer" with VIN 11111111111111111 as an insured auto. The original application for insurance indicates that American Survey sought coverage for "2030 Non Owned Trailer," described as a Class C dry freight trailer. Clearly "1930" is not the year the trailer was made, nor is the listed VIN accurate. When American Survey added the Volvo Tractor to the Policy on January 15, 2010, the attached trailer was listed as "2030 Non Owned Attached Trlr" on the confirmation page. DN 21-4, p. 1. This was added

7

even though Mr. Brown requested to add only the Volvo Tractor.

An endorsement to the Policy expands the definition of "insured auto" to include "a **non-owned auto** when **you** or any of **your** employees use the **non-owned auto** in **your** business." DN 21-6, p. 12; Policy p. 47 (emphasis in original). A "non-owned auto" is defined as "any **auto** that is not **owned** by **you** or furnished for **your** regular use and, if the named insured is a natural person, not **owned** by or furnished for the regular use of the named insured's spouse or **relative**." DN 21-7, p. 1; Policy p. 50 (emphasis in original). There is no requirement that the "non-owned auto" be specifically described on the Declarations Page.

Reading the Policy as a whole, the Court finds that the "1930 NON Owned Trailer" listed on the Declarations Page represents the non-owned trailer that is attached to the insured "1995 Frht Fld" for use in American Survey's business. There is no dispute in this case that, at the time of the accident, the trailer in question was not attached to the "1995 Frht Fld." Accordingly, the Court finds that the Policy is unambiguous, the Fruehauf Trailer is not covered, and United Financial is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED and Defendant Bridgett Dodson's Cross-Motion for Summary Judgment is DENIED.

An appropriate order shall issue.